IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SEDRICK DEVON NOBLE                                                                                PETITIONER

v.                          CASE NO. 4:16-CV-04048
                           CASE NO. 4:16-CV-04049
                           CASE NO. 4:04-CR-40014-002
                           CASE NO. 4:04-CR-40016-001

UNITED STATES OF AMERICA                                        RESPONDENT

**ORDER**

Before the Court is a Report and Recommendation entered by the Honorable James R. Marschewski on January 4, 2017. ECF No. 66[1]. Petitioner has filed objections. ECF No. 67. The Court finds this matter ripe for consideration.

**BACKGROUND**

Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on May 11, 2016, arguing that his sentence should be vacated in light of the Supreme Court's decision in *Johnson v. United States*. ECF No. 60. On May 23, 2016, the Court appointed the Federal Public Defender to represent Petitioner with respect to his *Johnson* claims. The Federal Public Defender subsequently filed a Memorandum in Support of Motion under 28 U.S.C. § 2255 on June 9, 2016. ECF No. 62. The Government subsequently filed a response. ECF No. 64.

Petitioner plead guilty and was convicted of multiple charges in Case No. 4:04-CR-40014-002. Presently at issue in regard to Case No. 4:04-CR-40014-002 is Petitioner's conviction for using a firearm in connection with a crime of violence, namely Hobbs Act robbery, in violation of

---

[1] For the sake of clarity, all docket citations will be to the docket in 4:04-CR-40014-002.

18 U.S.C. § 924(c). Likewise at issue is Petitioner's conviction in Case No. 4:04-CV-40016-001 for using a firearm in connection with a crime of violence, namely kidnapping of a minor, in violation of 18 U.S.C. § 924(c). In the instant motion, Petitioner's arguments rest on the assertions that (1) *Johnson*—in which the Supreme Court found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague—renders the definition of "crime of violence" under 18 U.S.C. § 924(c)(3)(B) void for vagueness and (2) Hobbs Act robbery and kidnapping of a minor are not crimes of violence under 18 U.S.C. § 924(c)(3)(A). Accordingly, Petitioner claims he is entitled to § 2255 relief.

Upon consideration, Judge Marschewski found that Petitioner's arguments were meritless under current Eighth Circuit precedent as well as untimely and should therefore be dismissed with prejudice. ECF No. 66, p. 9. However, Judge Marschewski recommends that a Certificate of Appealibility should be issued in regard to whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. On January 18, 2017, Petitioner filed timely objections. ECF No. 67.

## DISCUSSION

The Court will address each of Petitioner's objections in turn.

### I. Constitutionality of 18 U.S.C. § 924(c)(3)(B)

In his objections, Petitioner notes that Judge Marschewski based his finding that the instant motion should be dismissed with prejudice on the holding of *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), in which the Eighth Circuit determined that *Johnson* did not invalidate 18 U.S.C. § 924(c)(3)(B). Petitioner states that although the Court is bound by *Prickett*, *Prickett* was incorrectly decided. ECF No. 67, p. 3. Accordingly, Petitioner states that "he objects to the R&R's recommendation that his motions be denied in order to preserve his argument on this issue for possible appeal to the United States Supreme Court." ECF No. 67, p. 4.

Upon consideration, it appears that there is no dispute that the Court is bound by the Eighth Circuit's holding in *Prickett*. Therefore, the Court finds that Petitioner's argument that *Johnson* rendered 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague is meritless under current Eighth Circuit precedent. Accordingly, the Court concludes that Judge Marschewski's Report and Recommendation should be adopted on this issue.

**II. Hobbs Act Robbery as a Crime of Violence**

Petitioner also objects to Judge Marschewski's conclusion that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). ECF No. 67, p. 5.

In his Report and Recommendation, Judge Marschewski found that the Eight Circuit has determined that Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A), citing *United States v. House*, 825 F.3d 381 (8th Cir. 2016), and *United States v. Farmer*, 73 F.3d 836 (8th Cir. 1996). ECF No. 66, p. 7. Petitioner claims that *Farmer* and *House* are distinguishable. In regard to *House* specifically, Petitioner states that the *House* court "did not have to decide the issue of whether Hobbs Act robbery qualified as a crime of violence under . . . [18 U.S.C. § 924(c)(3)(A)][2] because the district court did not sentence the defendant under that provision, but under 18 U.S.C. § 3559(c)." ECF No. 67, p. 5. However, Petitioner concedes that the *House* court found that even if it were required to determine whether Hobbs Act robbery qualified as a crime of violence under 18 U.S.C. § 924(c), it would "be bound by *Farmer*, where we concluded that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *House*, 825 F.3d at 387, *cert. denied*, 137 S. Ct. 1124 (2017). This is the same language found in 18 U.S.C. § 924(c)(3)(A), defining "crime of violence" as "an

---

[2] Petitioner actually cites 18 U.S.C. § 924(c)(3)(B), but this appears to be a clerical mistake as the sentence refers to the cited section as the "force clause," which is 18 U.S.C. § 924(c)(3)(A).

offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

Furthermore, since the time that Judge Marschewski entered his Report and Recommendation, the Eight Circuit has explicitly rejected the argument that Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See Diaz v. United States*, 863 F.3d 781, 783-84 (citing *House*) ("Diaz argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). We reject that contention. Like other circuits, we have expressly held that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' the operative term in § 924(c)(3)(A)").

Accordingly, the Court finds that Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A) and that Judge Marschewski's recommendation on this point should be adopted.

### III. Kidnapping as a Crime of Violence

Petitioner also objects to Judge Marschewski's Report and Recommendation "to the extent that it suggests that kidnapping a minor may qualify as a crime of violence under the 'force clause' of § 924(c)(3)(A)." ECF No. 67, p. 6. However, petitioner notes that Judge Marschewski did not explicitly find that kidnapping qualifies as a crime of violence under the force clause of § 924(c), but instead simply quoted *United States v. Green*, 521 F.3d 929 (8th Cir. 2008), for the proposition that kidnapping constitutes a crime of violence as contemplated by § 924(c).

The *Green* court made the finding that kidnapping qualifies as crime of violence after quoting the language of 18 U.S.C. § 924(c)(3)(B). 521 F.3d at 933-34. Accordingly, there is no indication or suggestion in Judge Marschewski's findings that kidnapping constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A).

4

## CONCLUSION

Upon *de novo* review, the Court finds that Judge Marschewski's Report and Recommendation (ECF No. 66) should be and hereby is **ADOPTED *IN TOTO***. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 60) should be and hereby is **DENIED** and **DISMISSED WITH PREJUDICE**.

Judge Marschewski also recommends that a Certificate of Appealability be issued as to whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The parties have not objected to this finding and the time to object has passed. Therefore, a Certificate of Appealability as to this issue is hereby **GRANTED**.

**IT IS SO ORDERED**, this 7th day of March, 2018.

/s/ Harry F. Barnes  
Harry F. Barnes  
United States District Judge